IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**01C 9080**

| | |
|---|---|
| RICHARD TAYLOR, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| vs. | ) Judge JOAN H. LEFKOW |
| | ) MAGISTRATE JUDGE KEYS |
| OZINGA BROS., Inc. and CASPER'S CARTAGE, INC., | ) |
| | ) Magistrate Judge |
| | ) |
| Defendants. | ) TRIAL BY JURY REQUESTED |

DOCKETED
NOV 27 2001

## COMPLAINT

NOW COMES the plaintiff, Richard Taylor, by and through his attorneys, Marshall J. Burt and Andrew J. Cohen, and for his complaint against the defendants, Ozinga Bros., Inc. and Casper's Cartage, Inc., he states as follows:

### Nature Of the Action

1.     The plaintiff, Richard Taylor, is an African-American male employed by the Defendant Ozinga Bros. since 1993. During his employment, the defendants Ozinga and its affiliated company, Casper's Cartage, Inc., engaged in a pattern and practice of discrimination against African-American employees, including plaintiff by subjecting them to unequal terms and conditions of employment from that afforded non-African-American employees. After complaining about the unequal terms and conditions of employment, the defendants retaliated against Mr. Taylor by subjecting him to adverse employment actions, including disciplinary suspensions and refusing to transfer him to other available positions notwithstanding his seniority. To redress these civil rights violations, the plaintiff brings claims under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, in addition to claims under 42 U.S.C. § 1981.

**Jurisdiction and Venue**

2.    On or about October 31, 2000, Taylor filed a Charge No. 210A10429 against Ozinga

Bros. and Casper Cartage, Inc. with the Equal Employment Opportunity Commission alleging

discrimination on the basis of race.  On July 5, 2001, Taylor filed an additional Charge with the

EEOC against the defendants (Charge No. 210A14275) alleging discrimination on the basis of race,

color and retaliation.  On August 27, 2001, the Equal Employment Opportunity Commission issued

to Taylor a Right to Sue Notice on Charge No. 210A10429. On September 28, 2001, the EEOC

issued a Right to Sue Notice to Taylor on Charge No. 210A14275.  This action was commenced

within ninety days from receipt of the respective Right to Sue Notices.  Accordingly, this Court has

jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1331.

3.    Venue is appropriate in the United States District Court for the Northern District of

Illinois, Eastern Division, under 28 U.S.C. § 1391 (b) and (c) because the defendants conduct

business in this judicial district and the discriminatory conduct that is the subject of this action

occurred here.

**The Parties**

4.    The plaintiff, Richard Taylor, (hereinafter "Taylor") is an African-American male

residing in the Cook County, Illinois.

5.    The defendant Ozinga Bros., Inc.  ("Ozinga Bros.") is, on information and belief, an

Illinois corporation with its principle place of business located in Chicago, Illinois.  Ozinga Bros.

is engaged in the business of transporting ready-mix cement and cement products.  Ozinga Bros.

employs in fifteen employees.

6.    The defendant, Casper's Cartage, Inc. ("Casper") is, on information and belief, an

Illinois corporation affiliated with the defendant Ozinga. Casper in engaged in the business of transporting materials for making cement products. Casper employees in excess of fifteen employees.

### The discriminatory Treatment of Plaintiff

7.     The Plaintiff was employed by Ozinga as a driver of the ready-mix trucks since 1993.

8.     During plaintiff's employment, he has performed his job assignments in a satisfactory manner consistent with his employer's legitimate expectations.

9.     The Defendant, Ozinga, has subjected the plaintiff and other black employees to unequal terms and conditions of employment from that of other non-black employees.

10.     The unequal terms and conditions experienced by the black employees include, but are not limited to:

      a)     Receiving discipline when similarly situated non-black employees are not disciplined;

      b)     Being physically threatened by non-black employees and no action being taken by Ozinga to punish the offenders or assure that the threatening conduct cease;

      c)     Being subjected to racially offensive comments;

      d)     Being required to use old and inferior equipment while non-black employees receive the newest equipment first;

      e)     Being denied the use of clean washrooms that the white employees are allowed to use; and

      f)     Generally being treated in a inferior, disrespectful, and in a derogatory manner which non-black employees are not subjected to during their employment with Respondent.

11.     The Defendant has engaged in a pattern and practice of discrimination against black

employees, including the plaintiff, by subjecting them to the foregoing unequal terms and conditions of employment.

## COUNT I
(Title VII - discrimination-disparate treatment)

1-11.  Plaintiff incorporates paragraphs 1 through 11 above as paragraphs 1 through 11 of this Count I.

12.     The defendant engaged in a pattern and practice of discrimination against the plaintiff on account of his race by subjecting him to the foregoing unequal terms and conditions of employment than that afforded to other similarly situated employees who were not African-American.

13.     Although the plaintiff complained about the unequal terms and conditions of employment, the defendant, Ozinga, ignored these complaints and failed to take any measures to remedy the discriminatory treatment of plaintiff.

14.     As a result of this discriminatory treatment of the plaintiff, he suffered damages, including loss income and lost opportunities.

15.     Additionally, the plaintiff suffered great humiliation and emotional distress as a result of the unequal treatment.

16.     Because Ozinga Bros. intentionally acted to deprive the plaintiff of his federally protected civil rights, punitive damages are warranted.

WHEREFORE, the plaintiff, Richard Taylor, requests that this Court enter judgment in his favor and against the defendant, Ozinga Bros. and to grant him the following relief:

-4-

a)   Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e;

b)   Restrain and permanently enjoin these violations of Title VII;

c)   Direct the defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the plaintiff's employment conditions and opportunities at Ozinga Bros.;

d)   Award plaintiff damages suffered as a result of the discriminatory conduct;

e)   Award plaintiff compensatory damages for his mental anguish, humiliation, and emotional distress;

f)   Award plaintiff punitive damages;

g)   Award plaintiff him costs incurred in connection with this action, including reasonable attorney's fees as provided by 42 U.S.C. § 2000e-6(k); and

h)   Grant plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
(Title VII - discrimination-failure to transfer)

1-13.  Plaintiff incorporates paragraphs 1 through 13 of Count I as paragraphs 1 through 13 of this Count II.

14.   During the plaintiff's employment, the Defendants Ozinga and Casper had a practice of transferring drivers from Ozinga to Casper for purposes of allowing them to drive Casper's blower trucks. Drivers of Casper's blower trucks had greater opportunities to make money than Ozinga's ready-mix drivers and the blower truck driver position at Casper was more desirable.

15.   During the plaintiff's employment with Ozinga, he repeatedly requested to be transferred to the position of driver for the blower trucks on both a full time basis and even on a

substitute basis, but the defendants denied these requests notwithstanding plaintiff's seniority and experience.

16.     Instead, the defendants gave the open positions to other less qualified white employees of Ozinga. As a result of its discriminatory treatment, Casper has few, if any, African-American drivers for the blower trucks.

17.     By repeatedly giving the position of blower truck driver to less qualified and experienced white drivers, the defendants have discriminated against the plaintiff on the basis of his race -African-American.

18.     Although the plaintiff complained about the discriminatory treatment, the defendants ignored his complaints and continued with its discriminatory practice.

19.     As a result of this discriminatory treatment of the plaintiff, he suffered damages, including loss income and lost opportunities.

20.     Additionally, the plaintiff suffered great humiliation and emotional distress as a result of the discriminatory practices of the defendants.

21.     Because Ozinga Bros. and Casper intentionally acted to deprive the plaintiff of his federally protected civil rights, punitive damages are warranted.

WHEREFORE, the plaintiff, Richard Taylor, requests that this Court enter judgment in his favor and against the defendants, Ozinga Bros., Inc. and Casper's Cartage, Inc., both jointly and severally, and to grant him the following relief:

a)     Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e;

b)     Restrain and permanently enjoin these violations of Title VII;

c)   Direct the defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the plaintiff's employment conditions and opportunities at Ozinga Bros. and Casper's Cartage;

d)   Award plaintiff damages suffered as a result of the discriminatory conduct;

e)   Award plaintiff damages for the lost opportunities;

f)   Award plaintiff compensatory damages for his mental anguish, humiliation, and emotional distress;

g)   Award plaintiff punitive damages;

h)   Award plaintiff him costs incurred in connection with this action, including reasonable attorney's fees as provided by 42 U.S.C. § 2000e-6(k); and

i)   Grant plaintiff such other and further relief as this Court deems just and proper.

## COUNT III
(Title VII - Retaliation)

1-18.  Plaintiff incorporates paragraphs 1 through 18 of Count II as paragraphs 1 through 18 of this Count III.

19.  In October 2000, the Plaintiff filed a Charge of Discrimination (210A10429) with the EEOC. Since filing the charge of discrimination, the Defendant Ozinga has retaliated against Taylor by subjecting him to numerous adverse employment actions including, but not limited to, the following:

a.   a disciplinary suspension in November 2000 for allegedly missing work which was overturned through a grievance because it violated union rules;

b.   disciplinary action for allegedly causing an accident in January, 2001 which was overturned through a grievance as unfounded;

c.   A last chance warning letter, dated February 12, 2001, that was subsequently

overturned through a grievance; and

d.      A warning letter issued in February 2001 accusing the Complainant that he was knowingly driving on a suspended license which was overturned through a union grievance.

20.      In addition to the foregoing wrongful disciplinary actions taken against the Complainant, he has also been subjected to unwarranted verbal abuse, threats of termination, and intimidation following the filing of his Charge of Discrimination and his subsequent Charge of Discrimination.

21.      The defendant has also retaliated against the plaintiff by repeatedly failing to submit deductions it withheld from plaintiff's paycheck to the Bankruptcy Trustee thereby causing defaults under his bankruptcy plan.

22.      The retaliation against the plaintiff is in response to his lawful complaints about the discriminatory treatment by the defendants.

23.      Because the defendants subjected the plaintiff to adverse employment actions in retaliation for him engaging in protected activities, the defendants have violated the plaintiff's civil rights.

24.      The retaliatory conduct cause the plaintiff to suffer damages, including humiliation and emotional distress.

25.      Because Ozinga Bros. and Casper Cartage intentionally acted to deprive the plaintiff of his federally protected civil rights, punitive damages are warranted.

WHEREFORE, the plaintiff, Richard Taylor, requests that this Court enter judgment in his favor and against the defendant, Ozinga Bros., Inc. and Casper's Cartage, Inc., both jointly and severally, and to grant him the following relief:

-8-

a)    Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e;

b)    Restrain and permanently enjoin these violations of Title VII;

c)    Direct the defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the plaintiff's employment conditions and opportunities at Ozinga Bros. and Casper's Cartage;

d)    Award plaintiff damages suffered as a result of the discriminatory conduct;

e)    Award plaintiff damages for lost opportunity;

f)    Award plaintiff compensatory damages for his mental anguish and humiliation;

g)    Award plaintiff punitive damages;

h)    Award plaintiff him costs incurred in connection with this action, including reasonable attorney's fees as provided by 42 U.S.C. § 2000e-6(k); and

i)    Grant plaintiff such other and further relief as this Court deems just and proper.

## COUNT IV
(Violation of 42 U.S.C.§ 1981)

1-21.  Plaintiff incorporates paragraphs 1 through 21 of Count III as paragraphs 1 through 21 of this Count IV.

22.    The plaintiff is an African-American and is, therefore, a person protected under the provisions of 42 U.S.C.§ 1981.

23.    Plaintiff had a contract with the defendant to perform services in consideration for a wage through his employment relationship with the defendant Ozinga Bros..

24.    By engaging in the wrongful discriminatory practices alleged herein, Defendant

Ozinga Bros. intentionally discriminated against Taylor because of his race.

25.     The discrimination against Taylor by Ozinga Bros. deprived plaintiff of the opportunities and the enjoyment of all benefits, privileges, terms and conditions enjoyed by white employees in their employment relationship with Ozinga Bros..

26.     By subjecting the plaintiff to unequal terms and conditions of employment, the defendant violated 42 U.S.C.§ 1981 of the Civil Rights Act.

27.     As a direct and proximate result of Ozinga Bros.'s intentional violation of Plaintiff's civil rights, Taylor suffered both actual and compensatory damages, including emotional distress.

28.     Because Ozinga Bros. intentionally acted to deprive the plaintiff of him federally protected civil rights, punitive damages are warranted.

WHEREFORE, the plaintiff, Richard Taylor, requests that this Court enter judgment in his favor and against the defendant Ozinga Bros., and to grant him the following relief:

a)     Declare that the acts and practices complained of herein are in violation of 42 U.S.C. § 1981;

b)     Restrain and permanently enjoin these violations of 42 U.S.C. § 1981;

c)     Direct the defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the plaintiff's employment conditions and opportunities at Ozinga Bros.;

d)     Award plaintiff damages suffered as a result of the discriminatory conduct;

e)     Award plaintiff compensatory damages for his lost opportunity and damages for his mental anguish and humiliation;

f)     Award plaintiff punitive damages;

g)     Award plaintiff his costs incurred in connection with this action, including reasonable attorney's fees as provided by 42 U.S.C. § 1981

-10-

h)   Grant plaintiff such other and further relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

                    RICHARD TAYLOR


            By _____
                    One of his attorneys


Marshall J. Burt, Esq. ARDC # 06198381
Andrew J. Cohen, Esq. ARDC # 06215895
77 West Washington Street
Suite 1306
Chicago, IL 60602
(312) 419-1999
Fax: (312) 456-0237

il Cover Sheet

Page 1 of 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**01C 9080**

## Civil Cover Sheet

JUDGE JOAN H. LEFKOW

.is automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in
ptember 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.
ne information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as
quired by law. This form is authorized for use only in the Northern District of Illinois.

MAGISTRATE JUDGE KEYS

| | |
|---|---|
| laintiff(s): **RICHARD TAYLOR** | **Defendant(s):OZINGA BROS., Inc. and CASPER'S CARTAGE, INC.** |
| ounty of Residence: COOK | County of Residence: |
| laintiff's Atty: Marshall J. Burt/Andrew J. Cohen<br>Law Offices<br>77 West Washington Street,<br>Suite 1306, Chicago, IL 60602<br>(312) 419-1999 | Defendant's Atty: |

**DOCKETED**
**NOV 2 7 2001**

Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

Citizenship of Principle
rties **(Diversity Cases Only)**
Plaintiff:-**N/A**
Defendant:-**N/A**

Origin :       **1. Original Proceeding**

Nature of Suit:       **442 Employment**

Cause of Action:    **Discrimination on the basis of race and retaliation in violation of
42 U.S.C. Sec. 2000e and 42 U.S.C. Sec. 1981**

I. Requested in Complaint
Class Action:**No**
Dollar Demand:**$75,000.00+**
Jury Demand:**Yes**

II. This case **IS NOT** a refiling of a previously dismissed case.

gnature: _____

te: 11/26/01

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

atter of

R vs. OZINGA BROS., INC. and CASPER'S CARTAGE, INC.

 

Case Number:

ARANCE ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: **01C 908C**

RICHARD TAYLOR

JUDGE JOAN H. LEFKOW

DOCKETED
NOV 27 2001

MAGISTRATE JUDGE KEYS

| **(A)** | | | **(B)** | | | |
|---|---|---|---|---|---|---|
| | | | SIGNATURE | | | |
| shall J. Burt | | | NAME Andrew J. Cohen | | | |
| Offices of Marshall J. Burt | | | FIRM Law Offices of Andrew J. Cohen | | | |
| ess 77 West Washington Street | | | STREET ADDRESS 77 W. Washington, Suite 1306 | | | |
| Chicago, IL 60602 | | | CITY/STATE/ZIP Chicago, IL 60602 | | | |
| MBER (312) 419-1999 | | | TELEPHONE NUMBER (312) 419-1999 | | | |
| ON NUMBER (SEE ITEM 4 ON REVERSE) 06198381 | | | IDENTIFICATION NUMBER 06215895 | | | |
| IAL BAR? | YES ☒ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☒ | |
| EY? | YES ☒ | NO ☐ | TRIAL ATTORNEY? | YES ☒ | NO ☐ | |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |
| **(C)** | | | **(D)** | | | |
| | | | SIGNATURE | | | |
| | | | NAME | | | |
| | | | FIRM | | | |
| ess | | | STREET ADDRESS | | | |
| | | | CITY/STATE/ZIP | | | |
| MBER | | | TELEPHONE NUMBER | | | |
| ON NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| IAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| EY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| S LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |